EXHIBIT B

EXHIBIT B

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO.:

JAMES DOUGLAS STERGAS a/s/o
RUFUS LEE WADLEY,

    Plaintiff,

vs.

LYFT, INC. d/b/a LYFT FLORIDA, INC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY [hereinafter "STERGAS"], by and through his undersigned attorney, Mark A. Matovina, Esquire of Politis & Matovina, P.A., and files this Complaint against the Defendant, LYFT, INC. d/b/a LYFT FLORIDA, INC., and states as follows:

1. This is an action for damages which exceeds the sum of Fifty Thousand Dollars ($50,000.00) exclusive of fees and costs.

2. The Plaintiff, RUFUS LEE WADLEY [hereinafter "WADLEY"], resides in Volusia County, Florida, and is over the age of majority.

3. That at all times material to this cause, the Defendant, LYFT, INC. d/b/a LYFT FLORIDA, INC. [hereinafter "LYFT"], was and is a foreign corporation authorized to do business and actually doing business in Volusia County, Florida.

4. The acts giving rise to this breach of contract action arose in Volusia County, Florida.

5. This Honorable Court has jurisdiction of this matter.

## COUNT I
## BREACH OF CONTRACT

6. The Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY, realleges and reavers the allegations in Paragraphs One (1) through Five (5) of Plaintiff's Complaint, and further alleges:

7. This is an action for breach of contract.

8. At all times material hereto, WADLEY was a driver for LYFT.

9. On or about the 23rd day of August, 2019, Wadley was involved in a collision with STERGAS. As a result of the collision, STERGAS brought suit against WADLEY for injuries sustained in the collision (JAMES DOUGLAS STERGAS v. LYFT FLORIDA, INC., a Foreign Corporation, and RUFUS LEE WADLEY, Seventh Judicial Circuit Case No.: 2020 30805 CICI).

10. Subsequently, STERGAS obtained a Final Judgment of One Hundred Thousand Dollars ($100,000.00) against WADLEY. A copy of the Final Judgment is attached as Exhibit "A" to this Complaint.

11. At the time of the collision, WADLEY and LYFT had a contract outlining the duties of responsibilities of LYFT and WADLEY as a LYFT driver.

12. One of the provisions of the contract is that LYFT provide insurance coverage for WADLEY, under varying circumstances.

13. WADLEY received his assignments from LYFT, via application on WADLEY'S cell phone.

14. The contract provided that if WADLEY was not logged into LYFT, and was involved in an accident, there would be no LYFT coverage available.

15. On the other hand, if WADLEY were logged in, but had not been notified of an assignment, LYFT provided Fifty Thousand Dollars ($50,000.00) in liability coverage.

16. Similarly, the statute governing LYFT and other ground transportation companies, section 627.748, of the Florida statutes, provides, in pertinent part, that LYFT was responsible for providing insurance for the driver; "if a participating TNC driver is logged on to the digital network, but is not engaged in a prearranged ride" section 678.783(7)(b)1a, it must provide Fifty Thousand Dollars ($50,000.00) in liability coverage.

17. In his deposition taken during the personal injury case, WADLEY testified that he had activated his application but had not been assigned a fare at the time of the collision.

18. LYFT took the position that WADLEY had not opened his application at the time of the collision and therefore did not have an obligation to provide coverage.

19. Subsequently, a judgment was entered against WADLEY for One Hundred Thousand Dollars ($100,000.00) plus costs in favor of STERGAS (Judgment attached as Exhibit "A").

20. WADLEY later assigned his cause of action against LYFT to STERGAS.

21. Had LYFT discharged its obligations under the agreement and Florida Law, WADLEY would have been protected and would not have been subjected personally to a judgment.

22. As a result of the LYFT'S breach of its obligations and violation of Florida law, WADLEY has been damaged in the amount of the judgment.

23. The Plaintiff requests a jury trial on all issues so triable.

WHEREFORE, the Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY, prays that this Honorable Court enter judgment in his favor for damages of One Hundred Thousand Dollars ($100,000.00), costs and whatever additional relief this Court deems just and appropriate

against the Defendant, LYFT, INC. d/b/a LYFT FLORIDA, INC. The Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY, further requests a trial by jury.

## COUNT II
## LYFT'S BREACH OF ITS
## OBLIGATION UNDER F.S. 627.748

24. The Plaintiff reavers and realleges the allegations paragraphs One (1), Two (2), Three (3), Five (5), Nineteen (19), Twenty (20), and Twenty-One (21), and further alleges:

25. This is an action for damages brought against LYFT (defined as a TNC) as a result of its breach of its obligations under section 627.748, Fla Stat. (2023).

26. Section 627.748 applies to transportation network companies, such as LYFT, who undertake to perform certain duties and responsibilities, and as a TNC carrier, must satisfy those obligations created by the statute for the benefit and protection of passengers and the motoring public.

27. One of those obligations relates to furnishing bodily injury insurance coverage. Section 627.748(7)(b)1a, provides that a driver, or a TNC on behalf of the driver, shall maintain primary automobile insurance in the $50,000.00 per claim and $100,000.00 per incident for bodily injury claims.

28. The statute goes on to state that if the TNC's driver's insurance has lapsed, or does not provide the required coverage, "the insurance maintained by the TNC must provide [the] coverage required under the statute beginning with the first dollar of a claim..." Section 627.748(7)(d).

29. At the time of the motor vehicle accident involving Mr. Stergas, WADLEY did not possess bodily insurance coverage sufficient to satisfy the statute.

30. Thus, LYFT's coverage was applicable to the claim.

4

31. Stergas' injuries sustained in this collision, were significant, and exceeded $50,000.00.

32. However, despite that knowledge, and the knowledge that WADLEY testified that he was on his app and the time of the collision, LYFT did not make its insurance available to Wadley to resolve the claim and thereby protect WADLEY from personal exposure of a judgment.

33. As alleged above, WADLEY ultimately incurred a judgment of $100,000.00 against him, due to LYFT'S refusal to provide its coverage.

WHEREFORE, the Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY, prays that this Honorable Court enter judgment in his favor for damages of One Hundred Thousand Dollars ($100,000.00), costs and whatever additional relief this Court deems just and appropriate against the Defendant, LYFT, INC. d/b/a LYFT FLORIDA, INC. The Plaintiff, JAMES DOUGLAS STERGAS a/s/o RUFUS LEE WADLEY, further requests a trial by jury.

POLITIS & MATOVINA, P.A.
By: Mark A. Matovina, Esquire
Florida Bar No.: 563943
730 Dunlawton Avenue
Port Orange, FL 32127
(386) 767-0911 (tlw)
eservice@PolitisLawFirm.com
mark@hereforyou.net
Attorney(s) for Plaintiff

5

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

JAMES DOUGLAS STERGAS,

        Plaintiff,

vs.

LYFT FLORIDA, INC., a Foreign Corporation
and RUFUS LEE WADLEY,

        Defendants.
_____/

CASE NO.: 2020 30805 CICI
DIVISION: 32

## FINAL JUDGMENT

Pursuant to a Settlement Agreement entered into between JAMES DOUGLAS STERGAS and RUFUS LEE WADLEY;

IT IS ADJUDGED that the Plaintiff, JAMES DOUGLAS STERGAS, whose principal address is ▓▓▓▓▓▓▓▓▓▓, New Smyrna Beach, FL 32168, recover from the Defendant, RUFUS LEE WADLEY, whose principal address is ▓▓▓▓▓▓▓▓▓▓, New Smyrna Beach, FL 32168, the sum of $100,000.00, with costs in the sum of $6,422.93, making a total of $106,422.93, that shall bear interest at the prevailing statutory interest rate of 9.46% per year from this date through December 31st of this current year, for let execution issue. Thereafter, on January 1st of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with section 55.03, Florida Statutes.

     **DONE AND ORDERED** in Chambers at Daytona Beach, Volusia County, Florida this 27 day of January, 2025.

1/27/2025 5:46 PM 2020 30805 CICI

e-Signed 1/27/2025 5:46 PM 2020 30805 CICI
MARY G. JOLLEY
CIRCUIT JUDGE

**EXHIBIT "A"**

**01/27/2025 05:45:23 PM Clerk of the Circuit Court, Volusia County, Florida**

**Copies furnished via eService:**
Mark A. Matovina, Esquire
Francis J. Carroll, Esquire
Kevin Knight, Esquire